UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL LEE,

                           Plaintiff,

                -against-

BRONX CARE HOSPITAL,

                           Defendant.

23-CV-4069 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Daniel Lee, who is proceeding *pro se*, alleges that his employer, BronxCare

Health System ("BronxCare"),[1] discriminated against him on the basis of his race (Black), sex

(male), and age (born in 1962), in violation of Title VII of the Civil Rights Act of 1964, the Age

Discrimination in Employment Act of 1967 ("ADEA"), 42 U.S.C. § 1981, and the New York

State and City Human Rights Laws. He also brings claims under the Family and Medical Leave

Act ("FMLA") of 1993.

By order dated May 17, 2023, the Court granted Plaintiff's request to proceed *in forma

pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court

grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

### STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see

Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] Plaintiff names as the defendant, "Bronx Care Hospital," but attachments to the
complaint indicate that the employer's name is BronxCare Health System.

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings this action against his employer, using a court-issued employment discrimination complaint form. In response to the question asking him to specify his causes of action, he checks the boxes on the form to assert claims under Title VII, alleging discrimination based on race and sex; the ADEA, noting he was born in 1962; the FMLA; and the New York State and City anti-discrimination statutes. Although he does not check the Section 1981 box, he does write, "Black American," suggesting that he seeks relief under this statute. In response to the question asking the nature of the adverse action taken by BronxCare, Plaintiff checks the boxes indicating that BronxCare terminated his employment, did not promote him, did not accommodate his disability, retaliated against him, and harassed him or created a hostile work environment.

In the fact section of the complaint, Plaintiff states: "wrongful termination, discrimination against my age, retaliation against me after filing discrimination. 15 years never got written up for anything. 1199 didn't do their job. I'm the only one got terminated out of 3 people. It wasn't

even my patient."[2] (ECF 1, at 5.) In the relief section of the complaint, he states, "I'm innocent. I didn't do anything in this matter. I believe I'm entitled to money and damages. They destroyed my life when I'm getting ready to retire[ ]." (*Id.* at 6.)

Plaintiff also attaches to the complaint several documents which provide more facts regarding Plaintiff's employment and firing. Plaintiff worked as a patient care technician at BronxCare. On August 22, 2021, an incident occurred at BronxCare in which a minor child receiving psychiatric care alleged that Plaintiff physically abused him. (*Id.* at 17.) An investigation of the incident – the findings of which Plaintiff disputes – resulted in his firing. (*See id.* at 24.) As a result of the investigation, conducted by the New York State Justice Center for the protection of People with Special Needs ("Justice Center"), the Justice Center found that the allegations of excessive force and physical abuse were unsubstantiated, but that neglect was substantiated. (*Id.* at 20) ("The investigation revealed the subject failed to provide supervision to and/or failed to properly de-escalate the service recipient." *Id.* at 19.).

One of the attachments to the complaint is an undated statement, written by Plaintiff and possibly related to a proceeding that occurred before he filed this action ("the statement"). In the statement, Plaintiff included the following allegations and requests. First, with respect to the incident, Plaintiff alleged that the minor child who accused him of abuse had become aggressive and that, in response, Plaintiff had attempted to restrain the child. After another employee intervened and restrained the child, the employee informed Plaintiff that the child had accused Plaintiff of choking him. Plaintiff denied that he choked the child.

---

[2] The Court quotes from the original complaint. All spelling, grammar, and capitalization are as in the original, unless otherwise noted.

Plaintiff requested in the statement that the EEOC investigate several matters related to Plaintiff's employment, including "discriminatory hiring practices (March 2021)." (*Id.* at 15.) He also alleged that, "[w]hen my direct manager onboarded, he terminated colleagues and hired new people. I was the only seasoned employee left." (*Id.* at 15.) Finally, Plaintiff claimed "Age Discrimination," noting, "I am eligible to retire in two years." (*Id.* at 16.)

In addition to these alleged discriminatory practices, in the statement, Plaintiff also referred to conduct on the part of his union, "Union 1199." He claimed that BronxCare and "Union 1[1]99 neglected to provide me with exit interview." (*Id.* at 16.) Instead, he claims, "[m]y union delegate informed me to come in for a meeting, where I was terminated and asked to leave the premises." (*Id.*) After his firing, he asked for a letter of termination from the human resources ("HR") department, but "HR informed me there was no record of termination on file." (*Id.*) Plaintiff indicates, as of the writing of the statement, that he had not received "an exit interview, Notice of Creditable Coverage, an Extension of Benefits, retirement options, investment account or any information on what I'm entitled upon turning 65." (*Id.*) Plaintiff attaches to the complaint a partially completed form indicating that he and his union delegate, Wilma Mitchell, attended a conference on November 12, 2021, and that Plaintiff refused to sign the form. (*Id.* at 25.)

Another attachment to the complaint indicates that, before the August 22, 2021, incident, Plaintiff and his colleagues complained about alleged "discriminatory practices related to hiring of specific race/gender from a Nursing Agency." (*Id.* at 21.)

Finally, Plaintiff attaches a letter dated November 15, 2021, from the President of BronxCare, addressed to Plaintiff where the President thanked Plaintiff for his "15 years of dedicated service." (*Id.* at 14.)

**DISCUSSION**

A.      **Rule 8 of the Federal Rules of Civil Procedure**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

The complaint does not comply with Rule 8 because it does not state facts suggesting that Plaintiff is entitled to relief from the Defendant. Plaintiff asserts that BronxCare discriminated against him because of his race, sex, and age. He alludes to age discrimination, by noting the close proximity of his firing and upcoming retirement. He also references a complaint about hiring practices that he and his colleagues lodged, but he does not provide concrete examples of discrimination, or how those alleged practices affected him personally. For example, though he alleges that a new supervisor fired his colleagues, leaving him as the only seasoned employee, Plaintiff does not state that he was the target of any discriminatory practice. Plaintiff also does not state facts suggesting a violation of the FMLA; he claims that his employer did not accommodate a disability, but he provides no facts regarding his disability or the alleged failure to accommodate it. Because these allegations do not state claims upon which relief can be

granted under Title VII, the ADEA, Section 1981, or the FMLA, the Court grants Plaintiff leave to file an amended complaint as set forth below.

    **1.**    **Title VII**

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). Title VII also prohibits an employer from retaliating against an employee who has opposed any practice made unlawful by those statutes, or who has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under the statutes. 42 U.S.C. § 2000e-3(a).

These antidiscrimination provisions prohibit employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by that statute, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under Title VII. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in a Title VII employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination

by giving rise to a plausible inference of discrimination." *Id.* at 87. Still, the plaintiff need only

provide "minimal support for the proposition that the [defendant] was motivated by

discriminatory intent." *Id.* at 85 (quotation marks omitted). "In making the plausibility

determination, the court must be mindful of the 'elusive' nature of intentional discrimination."

*Id.* at 86 (citation omitted).

Plaintiff's allegations do not give rise to a plausible inference of discrimination based on

his race or sex because the complaint does not include facts suggesting that Plaintiff's race or sex

were factors in BronxCare's decision to terminate him. Rather, the attachments suggest that

(1) Plaintiff and his employer disagreed about the final findings regarding the August 22, 2021,

incident, and (2) BronxCare fired him because of the incident. The complaint does not include

facts suggesting that BronxCare's proffered reason for his firing Plaintiff was a pretext, and in

fact, BronxCare fired him because of his race or sex. Thus, the complaint does not give rise to a

plausible inference that Plaintiff's race or sex were factors in the decision to fire him.

Moreover, Plaintiff's assertion that BronxCare retaliated against him because he

previously filed a complaint regarding BronxCare's hiring practices does not give rise to a

plausible inference of retaliation. For example, the complaint does not include facts suggesting

that Plaintiff's firing was the result of his prior complaints.

The Court therefore grants Plaintiff leave to state facts in support of his Title VII claims.

### 2.    Age Employment Discrimination Act

The ADEA makes it unlawful for an employer to "discharge any individual or otherwise

discriminate against any individual with respect to his compensation, terms, conditions, or

privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). It also makes it

unlawful to retaliate against employees who oppose discriminatory practices barred by the

ADEA. *Id.* § 623(d). The statute protects workers who are at least forty years old from discrimination because of their age. *See* 29 U.S.C. § 631(a).

To state a claim under the ADEA, a plaintiff must allege that an employer took adverse action because of the plaintiff's age; that is, it was *the* reason the employer took an adverse action. *See Gross v. FBL Fin. Servs.*, 557 U.S. 167, 174, 176 (2009). "Thus, to establish age discrimination under the ADEA, 'a plaintiff must prove that age was the but-for cause of the employer's adverse decision.'" *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 302-03 (2d Cir. 2021) (quoting *Gross*, 557 U.S. at 176)).

Plaintiff does not allege facts suggesting that Plaintiff's age was the reason BronxCare fired him. Even construing the allegation that his nearing retirement factored into the decision to fire him, the attachments to the complaint indicate that his employer also fired him because of the August 21, 2021, incident. Plaintiff does not counter this conclusion – that BronxCare fired him because of the incident – and therefore, the complaint does not give rise to a plausible inference that Plaintiff's age was the but for cause of his firing. The Court therefore grants Plaintiff leave to allege facts in support of his ADEA claims.

### 3.    42 U.S.C. § 1981

Plaintiff also invokes Section 1981 as a basis for his claims. Section 1981 "protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006) (quoting 42 U.S.C. § 1981(a)). The statute "sets forth a remedy for employment discrimination that is independent of Title VII." *Ofori-Tenkorang v. Am. Int'l Grp., Inc.*, 460 F.3d 296, 300 (2d Cir. 2006). A plaintiff bringing a Section 1981 claim for employment discrimination must plausibly allege sufficient facts to demonstrate that: (1) he is a member of a protected class, (2) he was qualified for his position, (3) he suffered an adverse employment action, and (4) the

adverse action took place under circumstances giving rise to the inference of discrimination. *Ruiz v. Cnty of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010). "[A] plaintiff must . . . plead . . . that, but for race, [the plaintiff] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020).

Plaintiff alleges facts indicating that he (1) is a member of a protected class, (2) was qualified for his position, and (3) suffered an adverse employment action. Plaintiff does not state any facts, however, plausibly suggesting that his race was a "but for" cause for Defendant's actions. Because Plaintiff's assertions of race-based discrimination are not supported by specific facts, they cannot support an inference that race was the "but for" cause for the alleged actions taken against him and the termination of his employment. The Court therefore grants Plaintiff leave to state facts in support of his Section 1981 claims.

**4.    Family Medical Leave Act**

The FMLA provides that certain eligible employees are "entitled to a total of 12 work weeks of leave during any 12-month period" for any one of several reasons enumerated in the Act. *See* 29 U.S.C. § 2612(a)(1). The FMLA covers, among other things, leave that is necessary "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." *Id.* § 2612(a)(1)(C). Generally, plaintiffs may assert two varieties of FMLA claims, interference claims and retaliation claims:

> In a general sense, an employee brings an 'interference' claim when her employer has prevented or otherwise impeded the employee's ability to exercise rights under the FMLA. 'Retaliation' claims, on the other hand, involve an employee actually exercising her rights or opposing perceived unlawful conduct under the FMLA and then being subjected to some adverse employment action by the employer. The two types of claims serve as ex ante and ex post protections for employees who seek to avail themselves of rights granted by the FMLA.

*Woods v. START Treatment & Recovery Ctrs., Inc.*, 864 F.3d 158, 166, 168 (2d Cir. 2017) (cleaned up). Here, Plaintiff does not state any facts suggesting that BronxCare violated the

FMLA. Accordingly, the Court grants him leave to state facts in support of any FMLA claim he seeks to assert.

**B.      Labor Management Relations Act & National Labor Relations Act**

Plaintiff includes allegations in his attachments suggesting that his union failed to represent him when he was fired. To the extent Plaintiff asserts that BronxCare breached a collective bargaining agreement with Plaintiff's union, the Court construes Plaintiff's complaint as asserting claims under the Labor Management Relations Act ("LMRA") and the National Labor Relations Act ("NLRA").

An employee may bring claims under the federal labor statutes, against his union and/or his employer, if: (1) the employer breached a collective bargaining agreement, and/or (2) his union breached its duty of fair representation in redressing his grievances against the employer.[3] *White v. White Rose Food*, 128 F.3d 110, 113-14 (2d Cir. 1997). An employee may sue the union or the employer, or both, but must allege violations on the part of both. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165 (1983)).

These statutes do not require an employee to exhaust administrative remedies with a governmental entity, *see Boyd v. Teamsters Local Union* 553, 589 F. Supp. 794, 796-97 (S.D.N.Y. 1984), but "the employee must at least attempt to exhaust exclusive grievance and arbitration procedures established by the [collective] bargaining agreement" before bringing such a claim, *Vaca v. Sipes*, 386 U.S. 171, 184 (1967), unless he "can prove that the union as

---

[3] The employer's duty to honor the collective bargaining agreement is governed by Section 301 of the LMRA, *see* 29 U.S.C. § 185; *White*, 128 F.3d at 113 (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983)), and the union's duty of fair representation to its members is implied under the scheme set forth in Section 9(a) of the NLRA, *see* 29 U.S.C. § 159(a); *White*, 128 F.3d at 113-14 (citing *DelCostello*, 462 U.S. at 164).

bargaining agent breached its duty of fair representation in its handling of the employee's grievance," *id.* at 186.

There is a six-month limitations period in which to bring such a claim. *See DelCostello*, 462 U.S. at 172. That period begins to run from "the time when plaintiff[] knew or reasonably should have known that such a breach had occurred." *Cohen v. Flushing Hosp. & Med. Ctr.*, 68 F.3d 64, 67 (2d Cir. 1995); *see White*, 128 F.3d at 114.

Here, Plaintiff alleges that his union "didn't do their job," and that a union representative was present when Plaintiff was fired. (ECF 1, at 5.) These facts suggest that Plaintiff seeks to bring a claim under the LMRA and the NLRA against Plaintiff's employer and/or his union. Accordingly, the Court grants Plaintiff leave to state additional facts in support of any claims he seeks to bring under these two labor statutes.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid claims under Title VII, the ADEA, Section 1981, the FMLA, the LMRA, and the NLRA, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

   a)  the names and titles of all relevant people;

   b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

   c)  a description of the injuries Plaintiff suffered; and

   d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party

through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-4069 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 27, 2023
         New York, New York

                                    /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                              Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

Write the full name of each defendant. The names listed
above must be identical to those contained in Section I.

_____CV_____

(Include case number if one has been
assigned)

Do you want a jury trial?

☐ Yes      ☐ No

## EMPLOYMENT DISCRIMINATION COMPLAINT

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with
the court should therefore *not* contain: an individual's full social security number or full birth
date; the full name of a person known to be a minor; or a complete financial account number. A
filing may include *only*: the last four digits of a social security number; the year of an individual's
birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule
of Civil Procedure 5.2.

---

## I.   PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

First Name                     Middle Initial          Last Name

Street Address

County, City                              State                        Zip Code

Telephone Number                          Email Address (if available)

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

Name

Address where defendant may be served

County, City                              State                        Zip Code

Defendant 2:

Name

Address where defendant may be served

County, City                              State                        Zip Code

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City                          State                    Zip Code

## II.     PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____
Name

_____
Address

_____
County, City                          State                    Zip Code

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐   **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐   race: _____

☐   color: _____

☐   religion: _____

☐   sex: _____

☐   national origin: _____

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B.   Other Claims

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

## IV.    STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐   did not hire me

- ☐   terminated my employment

- ☐   did not promote me

- ☐   did not accommodate my disability

- ☐   provided me with terms and conditions of employment different from those of similar employees

- ☐   retaliated against me

- ☐   harassed me or created a hostile work environment

- ☐   other (specify): _____

        _____

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____

_____

_____

_____

_____

_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.       ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐   Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge?   _____

☐   No

Have you received a Notice of Right to Sue from the EEOC?

☐   Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice?   _____

When did you receive the Notice?   _____

☐   No

## VI.   RELIEF

The relief I want the court to order is (check only those that apply):

☐   direct the defendant to hire me

☐   direct the defendant to re-employ me

☐   direct the defendant to promote me

☐   direct the defendant to reasonably accommodate my religion

☐   direct the defendant to reasonably accommodate my disability

☐   direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that:
(1) the complaint is not being presented for an improper purpose (such as to harass,
cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are
supported by existing law or by a nonfrivolous argument to change existing law; (3) the
factual contentions have evidentiary support or, if specifically so identified, will likely
have evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements of Federal
Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I
understand that my failure to keep a current address on file with the Clerk's Office may
result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to
proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your
complaint. If you do not consent, please do not attach the form.



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at [www.pacer.uscourts.gov](www.pacer.uscourts.gov) or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) ([www.pacer.uscourts.gov](www.pacer.uscourts.gov)) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____


_____
Name (Last, First, MI)


_____
Address                    City                    State                    Zip Code


_____
Telephone Number                    E-mail Address


_____
Date                    Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

Room LL22
40 Foley Square
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. – 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



a beneficiary of
UJA Federation
of New York

**NYLAG**
New York | Legal Assistance Group

## Services Provided for Self-Represented Litigants in the Southern District of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York provides free limited legal assistance to individuals who are representing themselves or planning to represent themselves in civil lawsuits in federal court in Manhattan and White Plains. The clinic is staffed by attorneys, law students, and paralegals. Information given to clinic staff is confidential.

### Clinic Staff Can:

- Advise on filing cases in federal court, including on the issue of whether a case should be filed in the Southern District of New York or somewhere else;
- Provide legal advice in response to questions that come up at any stage of litigation;
- Assist in getting additional information or research into the legal issue in your case;
- Review and explain court orders and filings by your opponent, and provide an overview of the federal legal process in civil cases generally;
- Assist with motions, discovery, and strategy;
- Assist with getting ready for depositions, pretrial conferences, mediations, and court appearances;
- Provide forms and instructions manuals;
- In appropriate cases, help you retain pro bono counsel;
- In appropriate cases, represent you in a mediation through the Southern District's Alternative Dispute Resolution Program, or a court-ordered settlement conference;
- In appropriate cases, represent you at a deposition; and
- In appropriate cases, provide referrals to other agencies and organizations that provide civil legal services and/or social services.

Use of the NYLAG Legal Clinic for Pro Se Litigants is separate from any appointment of counsel by the court. A request for appointment of counsel requires a separate application and the decision whether to appoint counsel is entirely up to the court. Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

### Clinic Staff Cannot:

- Assist with federal civil cases that belong in a different federal court, such as the Eastern District of New York, which covers of New York, which covers Brooklyn, Queens, Staten Island, and Nassau and Suffolk Counties;
- Assist with an appeal of your federal case;
- Assist with state court cases, bankruptcy court cases, or criminal cases;
- Pay any of the costs associated with filing or defending a lawsuit in federal court;
- File documents with the court on your behalf;
- Appear on your behalf other than representation at a mediation through the Southern District's Alternative Dispute Resolution Program, a court-ordered settlement conference, or, in appropriate cases, a deposition;
- Write court documents for you; or
- Conduct an investigation into the facts of your case.

### Clinic Staff May Decline Assistance If:

- NYLAG has already given advice to your opponent;
- Your legal problem is beyond the scope of matters handled by the clinic;
- Providing assistance would conflict with the New York Rules of Professional Conduct;
- Your income and/or assets are high enough to allow you to retain private counsel; or
- NYLAG determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

**New York:** Thurgood Marshall United States Courthouse | Room LL22 | 40 Foley Square | New York, NY 10007 | (212) 659 6190 |
https://nylagoi.legalserver.org/modules/matter/extern_intake.php?pid=142&h=cea984&

