UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL LEE,

                         Plaintiff,

            -against-

BRONX CARE HOSPITAL; BRONXCARE
HEALTH SYSTEM; NURSE BAILEY;
GAFAAR SALAMI,

                         Defendant.

23-CV-4069 (DEH) (VF)

ORDER OF SERVICE

DALE E. HO, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131, alleging that his employer discriminated against him based on his race. By order dated May 17, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.

As discussed in this order, the Court directs the Clerk of Court to effect service on Defendants BronxCare Health System and dismisses from the action Defendants Bronx Care Hospital, Nurse Bailey, Ms. Braitwitch, and Ms. Affori.[1]

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

---

[1] Plaintiff also spells this individuals' name "Aforda," but based on the allegations set forth in the complaint, it appears this individual's last name is Affori. (*See* ECF 7 ¶ 75.)

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.    Order of Service for Defendants BronxCare Health System and Gafaar Salami

Because Plaintiff has been granted permission to proceed *in forma pauperis*, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants BronxCare Health Systems and Gafaar Salami through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and the complaint until the Court reviewed the complaint and ordered that the summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## B.    Dismissal of Claims Against Nurse Bailey, Ms. Braitwitch, Ms. Affori, and Bronx Care Hospital

### 1.    Bailey, Braitwitch, and Affori

Plaintiff names Bailey, Braitwitch, and Affori, all of whom allegedly were involved in an incident involving a patient that led to Plaintiff's firing by Defendant BronxCare Health Systems. (*See* ECF 7 ¶¶ 74-79.) Plaintiff alleges that Salami suspended Plaintiff following the incident and participated in the decision to terminate Plaintiff's employment. He also alleges that Bailey, Braitwitch, and Affori were not suspended, investigated, or terminated as a result of the incident.

Individual defendants may be held liable under the New York State and New York City Human Rights Law ("HRL"). The State HRL provides for individual liability for "any person" who aids and abets an employer's discrimination. N.Y. H.R.L. § 296(6). The City HRL makes it "an unlawful discriminatory practice for any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so." N.Y.C. Admin. Code § 8–107(6).

Here, Plaintiff does not allege any facts suggesting that Bailey, Braitwitch, or Affori participated in the decision to suspend, investigate, or terminate Plaintiff from his position at BronxCare Health Systems. Rather Plaintiff alleges that his employer treated these three Defendants more favorably than him. The Court therefore dismisses Plaintiff's NYSHRL and

3

NYCHRL claims against Bailey, Braitwitch, and Affori for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice to Plaintiff's seeking leave from the Court to file a second amended complaint to allege facts in support of any state law claims against these Defendants.

     2.     **Bronx Care Hospital**

Plaintiff names as his employer BronxCare Health System and Bronx Care Hospital, which appear to be the same entity. As BronxCare Health System appears to be the employer's proper name (*see* ECF 7 ¶ 18), the Court dismisses Bronx Care Hospital from this action without prejudice to Plaintiff's claims against BronxCare Health System.

## CONCLUSION

The Clerk of Court is instructed to mail Plaintiff an information package.

The Clerk of Court is further instructed to issue summonses for Defendants BronxCare Health System and Gafaar Salami, complete the USM-285 forms with the addresses for these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court dismisses the claims against Nurse Bailey, Ms. Braitwitch, and Ms. Affori for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice to Plaintiff's requesting leave from the Court to file a second amended complaint to assert claims against these Defendants.

The Court also dismisses the claims against Bronx Care Hospital without prejudice to Plaintiff's claims against BronxCare Health System.

Plaintiff may receive court documents by email by completing the attached form, Consent to Electronic Service.[3]

---

[3] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   December 20, 2023
       New York, New York

_____
DALE E. HO
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1.      BronxCare Health Systems
         1276 Fulton Street
         Bronx, NY 10456

2.      Gafaar Salami
         1276 Fulton Street
         Bronx, NY 10456