UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL LEE,

Plaintiff,

v.

BRONXCARE HEALTH SYSTEM and GAFAAR SALAMI,

Defendants.

23 Civ. 4069 (DEH) (VF)

**MEMORANDUM OPINION AND ORDER**

DALE E. HO, United States District Judge:

Plaintiff Daniel Lee moves for reconsideration, *see* Mot. for Recons., ECF No. 90, of the Court's July 30, 2026 Opinion and Order (the "Order"), ECF No. 88, granting the Motion for Summary Judgment filed by Defendants Bronx Health System and Gafaar Salami.[1] Because Plaintiff identifies no controlling decision or factual matter the Court overlooked or any other basis for reconsideration, the Motion is **DENIED**.

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). "[T]he . . . standard for a district court to grant such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked and might reasonably be expected to alter the conclusion reached by the court." *Smith v. CVS Albany, LLC*, No. 20 Civ. 4000, 2022 WL 3022526, at *1 (2d Cir. Aug. 1, 2022). Courts also grant

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

reconsideration to "correct a clear error or prevent manifest injustice." *Schoolcraft v. City of New York*, 298 F.R.D. 134, 136 (S.D.N.Y. 2014). That said, a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021).

In his motion for reconsideration, Mr. Lee asks that this Court consider:

1. The video recording of the August 22, 2021 incident;
2. The Bronx Care doctor's report;
3. The Bronx Care investigation report;
4. The statements provided by his coworkers who were present during the incident;
5. The evidence concerning the investigation and the allegations against him;
6. The evidence concerning the timing of his termination and his prior complaint/petition concerning discriminatory hiring practices; and
7. The evidence concerning Mr. Salami's involvement in Mr. Lee's employment.

*See* Mot. for Recons. at 4-5. In essence, Mr. Lee asks this Court to review the materials underlying his discipline and termination, and to conclude that they "do not accurately describe what occurred" during the event that ultimately led to his termination. *Id.* at 5.

All of these materials, however, were before the Court and considered by it in its Order granting summary judgment. And as the Court explained in the Order,

> to the extent that Mr. Lee is disputing the validity of all of the underlying Justice Center charges substantiated against him, it is not for the Court to question the indisputably valid decision by BronxCare to rely on those findings, as "the court's role is to prevent unlawful [employment] practices, not to act as a superpersonnel department that second guesses employers' business judgments." Put another way, even if the Justice Center report were flawed or inaccurate in some way, BronxCare was entitled to rely on it (absent some sort of indicia that would render such reliance unreasonable) in making the decision to terminate him, consistent with company policy.

Order at 16 (quoting *Luxenberg v. Guardian Life Ins. Co.*, No. 02 Civ. 9116, 2004 WL 385116, at *22 (S.D.N.Y. Feb. 27, 2004)). Thus, even if Mr. Lee were correct that some or even all of the underlying materials do not support the charges that led to his discipline and termination, it is not the Court's role to second-guess the human resources decisions by Defendants, so long as they were facially valid. And here, there can be no dispute that they were. As the Order explained, BronxCare had a policy of suspending employees under investigation by the Justice Center, which Mr. Lee was; and it had a policy of terminating employees where the Justice Center substantiated such charges, which was also the case here. *See* Order at 15. That Mr. Lee disagrees with the Justice Center's determination is ultimately not relevant to the outcome.

The remaining issues raised by Mr. Lee are similarly unavailing. As to the timing of his termination, *see* Mot. for Recons. at 3-4, that is not enough, by itself, to survive Defendants' motion for summary judgment in this case. It is true that a plaintiff may rely on temporal proximity to establish a prima facie case of retaliation. *See Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 847 (2d Cir. 2013). And here, the Court assumed that Mr. Lee had made such a prima facie case. *See* Order at 2. But in order to survive summary judgement where, as here, Defendants have established a valid non-discriminatory basis for the Plaintiff's termination, the Plaintiff bears the burden of establishing that the proffered reason was pretextual—and "[t]emporal proximity alone is insufficient to defeat summary judgment at the pretext stage." *Zann Kwan*, 737 F.3d at 847.

Finally, as to Mr. Salami's role, Mr. Lee points to the fact that Mr. Salami was involved in his hiring. *See* Mot. for Recons. at 4. But there is no dispute of fact that Mr. Salami had no authority to *terminate* employees, and that he played no role in Mr. Lee's termination specifically. *See* Order at 16-17. Because he was not a decisionmaker, any animus that Mr. Salami may have had against employees who are not of African descent is immaterial to Mr. Lee's claim.

For the reasons discussed herein, Mr. Lee's Motion for Reconsideration is **DENIED**. The Clerk of Court is respectfully directed to terminate ECF No. 90.

SO ORDERED.

Dated: September 30, 2026
New York, New York

DALE E. HO
United States District Judge